UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONALD E. MUDICA, III,

    Petitioner,

    v.      CAUSE NO. 3:19-CV-1056-PPS-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Donald E. Mudica, III, is a prisoner at the Westville Correctional Facility. Without a lawyer, he filed a habeas corpus petition attempting to challenge a prison disciplinary hearing held at St. Joseph County Community Corrections where he was found guilty of Violating a Condition of a Temporary Leave and Possessing or Using an Unauthorized Substance. A prison disciplinary action can only be challenged in a habeas corpus proceeding where it results in the lengthening of the duration of confinement. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). Here, Mudica states he was punished with termination from his job. However, the loss of a job did not extend the duration of his confinement. Therefore, he cannot challenge this disciplinary action in a habeas corpus proceeding.

Mudica also argues the Prosecuting Attorney filed a petition to revoke his placement in the county jail in part based on these charges. As a result, the State court revoked his placement and transferred him to a state prison. It does not appear this lengthened the duration of his confinement. However, even if it did, that decision was

made by the State court and this habeas corpus petition is not challenging the State court ruling. This petition is attempting to challenge the disciplinary charge by the jail. It is unclear whether he was found guilty, but even if he was, "merely because [a] conviction ha[s] been used to enhance a subsequent sentence" does not permit a habeas challenge to that conviction. *See Lackawanna County Dist. Atty. v. Coss*, 532 U.S. 394, 401 (2001) (petitioner must be in custody on the challenged conviction); *see also Cochran v. Buss*, 381 F.3d 637, 641 (7th Cir. 2004) (collateral consequences of prison disciplinary proceeding are not a basis for habeas corpus relief).

If Mudica wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith. Nevertheless, if Mudica files a notice of appeal, he may ask the United States Court of Appeals for leave to proceed in forma pauperis by filing a motion with the Court of Appeals along with a copy of this order demonstrating that he has already been denied leave to proceed in forma pauperis by the District Court.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment;

and (3) DENIES Donald E. Mudica, III, leave to proceed in forma pauperis on appeal.

SO ORDERED on November 26, 2019.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT